# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NOS. 3:04cr58 & 3:04cr59

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>)<br>SAMUEL PAUL CROOK. )<br>) | **AMENDED CONDITIONAL<br>RELEASE ORDER** |

**THIS MATTER** is before the Court on the letter, received April 17, 2009, from Senior U.S. Probation Officer Dianne C. Trombly, a Mental Health Specialist serving the United States District Court in Columbia, South Carolina. See Letter, attached hereto as Exhibit A. The Defendant has waived his right to a hearing regarding any modification of his Conditional Release Order. See Waiver of Hearing, attached hereto as Exhibit C.

On March 22, 2004, the Defendant was charged in a Bill of Indictment with two counts of interference with the official duties of a Transportation Security Administration Screener, in violation of 18 U.S.C. § 111(a)(1). [Criminal Case No. 3:04cr58, Doc. 2]. In a separate Bill of Indictment also filed on March 22, 2004, the Defendant was charged with threatening the President of the United States, in violation of 18 U.S.C. § 871. [Criminal Case

No. 3:04cr59, Doc. 1]. These two cases were consolidated for the purposes of trial on April 12, 2005.

Following a non-jury trial, the Court found the Defendant not guilty of these charges by reason of insanity. [Criminal Case No. 3:04cr58, Doc. 19; Criminal Case No. 3:04cr59, Doc. 18]. On July 20, 2006, Magistrate Judge Carl Horn, III, entered an Order committing the Defendant to the custody of the Attorney General for care and treatment pursuant to the provisions of 18 U.S.C. § 4243. [Criminal Case No. 3:04cr58, Doc. 26; Criminal Case No. 3:04cr59, Doc. 23]. The Defendant was transferred to the Federal Medical Center ("FMC") in Devens, Massachusetts, for a comprehensive evaluation. [Criminal Case No. 3:04cr58, Doc. 27; Criminal Case No. 3:04cr59, Doc. 24].

Subsequently, on April 20, 2007, Judge Horn entered an Order of Conditional Release pursuant to 18 U.S.C. § 4243(f), approving the transfer of the Defendant to the William S. Hall Psychiatric Center in Columbia, South Carolina, under conditions proposed by the FMC. [Criminal Case No. 3:04cr58, Doc. 33; Criminal Case No. 3:04cr59, Doc. 29]. On April 15, 2008, Judge Horn entered an Amended Conditional Release Order, releasing the Defendant to a community care home designated by the South Carolina

Department of Mental Health. [Criminal Case No. 3:04cr58, Doc. 35; Criminal Case No. 3:04cr59, Doc. 35].

On June 11, 2008, Judge Horn entered an Order directing the Defendant's return to the Just Care Facility in Columbia, South Carolina, after Ms. Trombly reported to the Court that the Defendant had absconded from the supervision of the community care home for a period of two hours. In this Order, Judge Horn stated that a less restrictive placement would not be authorized "until the Defendant demonstrates that he is able to comply with the rules of the facility in which he is next placed on a consistent basis." [Criminal Case No. 3:04cr58, Doc. 37; Criminal Case No. 3:04cr59, Doc. 30].

Ms. Trombly now advises the Court that the Forensic Inpatient Services team at the Just Care Facility has contacted her with a recommendation that the Defendant be permitted to transition to what they deem a more appropriate community residence for continued mental health treatment, due to his favorable progress and compliance in their facility since his return in June, 2008. Ms. Trombly reports that she has had regular contact with the Defendant, and that he appears to be relatively mentally and emotionally stable.

Ms. Trombly further reports that the Defendant's social workers at Just Care have continuously reported to Ms. Trombly that he has been fully cooperative with other residents and staff at the facility, has been compliant with his medication regimen, and has actively participated in all treatment groups and activities at the facility. Ms. Trombly also reports that all of the facility's medical, social work, and psychiatric treatment staffs have met and agreed that the Defendant would be a good candidate for transition to a supervised apartment operated as part of the Pee Dee Mental Health Center located in Florence, South Carolina. The supervised apartments have Pee Dee Mental Health staff on site twenty-four hours a day, seven days per week, and nurses, psychiatrists, and therapists from Pee Dee Mental Health visit the apartments on a regular basis for medication monitoring and therapy. Residents of the supervised apartments are required to participate in activities and therapy and must abide by a curfew each evening. The Just Care staff has recommended a series of conditions related to the Defendant's transfer to community placement. See Placement and Recommended Aftercare Plan, attached hereto as Exhibit B.

Ms. Trombly states that she is in agreement with the recommendation of the Just Care staff, as the Defendant appears to be mentally and

emotionally stable enough to be able to transition to a staffed community residence at this time, and should be able to function well in a supervised apartment, as long as it is mandated that he continue to receive intramuscularly administered medications to control his Schizoaffective Disorder/Bipolar Type.

Upon review of the Placement and Recommended Aftercare Plan, and upon the advice of Ms. Trombly, the Court concludes pursuant to 18 U.S.C. § 4243(f) that a modification of the Defendant's conditional release is appropriate, and that the Defendant should be permitted to transition to a less restrictive community placement for continued mental health treatment, subject to the terms and conditions as set forth in the Placement and Recommended Aftercare Plan, as modified and supplemented by Ms. Trombly.

Accordingly, **IT IS, THEREFORE, ORDERED**:

1. The Defendant shall be transferred to and reside at the supervised apartments of the Pee Dee Mental Health Center located at 730 South Dargan, Florence, South Carolina, 29501.

2. The Defendant will comply with the program of treatment and care provided by Pee Dee Mental Health Clinic, including keeping all scheduled appointments, participating in scheduled activities, taking all prescribed medications, meeting with his mental health case manager, attending all required treatment programs and groups, complying with scheduled and random urine and/or blood drug and alcohol screens, and attending all appointments with U.S. Probation Officer Dianne Trombly as required or ordered by the Court.

3. The Defendant will sign all releases that are required by any professionals providing follow-up services.

4. The Defendant will not obtain any guns, knives or weapons of any sort that could potentially harm others.

5. The Defendant will not associate with any known felons outside of treatment programs.

6. The Defendant will refrain from using any alcoholic beverages or drugs, except as prescribed by his health car providers or mental health care providers.

7. The Defendant will cooperate with any services provided and with instructions given by the U.S. Probation Office.

8. The Defendant must be continued on intramuscular administration or antipsychotic medications/mood stabilizers until such time as the Court amends or removes this condition.

9. The Defendant's prescriptions for antipsychotic medications/mood stabilizers shall not be changed or altered in any way unless or until it is deemed that the current medications are simply no longer effective for stabilization, or if it is deemed medically necessary to alter the medications.

10. If the Defendant does not adhere to the program of treatment and care provided by Pee Dee Mental Health Clinic, has a recurrence of symptoms, or violates the terms of this Amended Conditional Release Order, he will be referred for reassessment, treatment, and/or immediate re-hospitalization as deemed clinically appropriate. In the event that the Defendant is re-hospitalized, Pee Dee Mental

Health Clinic shall promptly notify the Court, the U.S. Probation Office, the United States Attorney, and the Defendant's counsel.

11. The Clerk of Court is directed to send copies of this Amended Conditional Release Order to counsel for the parties and to Diane C. Trombly, Senior U.S. Probation Officer, 1835 Assembly Street, Room 611, Columbia, South Carolina 29201.

**IT IS SO ORDERED**.

Signed: April 28, 2009

Martin Reidinger
United States District Judge