UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:04-cr-00058 &59-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **SAMUEL PAUL CROOK,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on two letters from defendant, one hand written and one typed. In the hand-written letter, defendant appears to take issue with the quality of the representation he received some 10 years ago arguing that he received ineffective assistance of counsel because "[a]fter I was found not guilty Scott Gsell [trial counsel] overturned the Judge's ruling to not guilty by reason of insanity." See Hand-Written Motion (#95 in 3:04cr59 and #117 in 3:04cr58). In his type-written motion, defendant asks the court to grant "access to appoint[ed] counsel for proper representation." See Typed Motion (#96 in 3:04cr59 and #118 in 3:04cr58).

While the hand-written motions may suggest that defendant is seeking relief under 28 U.S.C. § 2255, this is not the first time petitioner has raised such issue. Earlier, petitioner filed a motion under Section 2255, contending that he received ineffective assistance of counsel because his counsel "tricked [him] into a plea of not guilty by reason of insanity." Crook v. United States, 3:08cv307 (W.D.N.C. 2008). This court dismissed that petition finding that

> [p]etitioner was found not guilty by reason of insanity. In the instant case, Petitioner was not sentenced. He was found not guilty. Consequently, because Petitioner is neither a prisoner nor serving a sentence, he may not move this Court for relief pursuant to 28 U.S.C. § 2255.

-1-

Crook v. United States, 2008 WL 4933966, at *2 (W.D.N.C. Nov. 14, 2008) (Reidinger, J.). Defendant did not appeal that determination. Thus, to the extent defendant seeks relief under Section 2255, he remains ineligible because he is not a prisoner as he was found not guilty by reason of insanity and due to law of the case. United States v. Tucker, 153 Fed. App'x 173, 175 (4th Cir.2005) (*per curiam*) (dismissing appeal of denial of § 2255 where individual had been found not guilty by reason of insanity); United States v. Budell, 187 F.3d 1137, 1141 (9th Cir.1999)(section 2255 is inapplicable to a petitioner who was originally found not guilty by reason of insanity "[b]ecause [he] was acquitted, [therefore] he is not a prisoner in custody under sentence….").

Turning next to the type-written letters, defendant is mistaken in his belief that he is not represented by counsel. Defendant remains represented by Randolph Marshall Lee, who appeared and advocated for defendant at the latest hearing this past summer. In the last substantive Order from June 2015, this court held as follows:

> At the request of defendant's counsel, the Bureau of Prisons shall make periodic reports to the court and to counsel of record as required under 18 U.S.C. § 4241(d).
>
> To further protect defendant's interests, counsel for defendant's appointment is hereby extended and is made one of indefinite duration. Counsel is granted leave to submit interim vouchers for periodic payments of his fees and costs.

Order at 6-7 (#111 in 3:04cr58 and #89 in 3:04cr59). Mr. Lee is still defendant's attorney and defendant should be in regular contact with his attorney rather than this court. In case he has misplaced Mr. Lee's contact information, the court will again provide it, as follows:

> Randolph Marshall Lee
> P. O. Box 77005
> Charlotte, NC 28271
> 704-841-2222 / Email: randolphleelaw@gmail.com

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief in his motions [Hand-Written Motion (#95 in 3:04cr59 and #117 in 3:04cr58) and Typed Motion (#96 in 3:04cr59 and #118 in 3:04cr58)], those motions are **DENIED**.

The Clerk of Court is directed to spread this Order in 3:04cr58 and 3:04cr59.

Signed: October 21, 2015

Max O. Cogburn Jr
United States District Judge