UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00547-MOC

| | | |
|---|---|---|
| **SAMUEL PAUL CROOK,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on initial review of petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1). The court has conducted an initial screening. This is third such motion filed by petitioner in as many weeks seeking to challenge the effectiveness of his trial attorney some 10 years ago, who successfully argued and had returned a verdict of not guilty by reason of insanity. In addition to recent spate of motions, petitioner has also filed a Section 2255 petition in 2008, which was dismissed by this court.

In his first Section 2255 motion, petitioner contended that he received ineffective assistance of counsel because his counsel "tricked [him] into a plea of not guilty by reason of insanity." Crook v. United States, 3:08cv307 (W.D.N.C. 2008). This court dismissed that petition finding that

> [p]etitioner was found not guilty by reason of insanity. In the instant case, Petitioner was not sentenced. He was found not guilty. Consequently, because Petitioner is neither a prisoner nor serving a sentence, he may not move this Court for relief pursuant to 28 U.S.C. § 2255.

Crook v. United States, 2008 WL 4933966, at *2 (W.D.N.C. Nov. 14, 2008) (Reidinger, J.). Defendant did not appeal that determination.

Petitioner's newest petition is little changed from the petition he filed in 2008. He remains ineligible to apply for relief under Section 2255 because he is not a prisoner as he was found not guilty by reason of insanity. United States v. Tucker, 153 Fed. App'x 173, 175 (4th Cir.2005) (*per curiam*) (dismissing appeal of denial of § 2255 where individual had been found not guilty by reason of insanity); United States v. Budell, 187 F.3d 1137, 1141 (9th Cir.1999)(section 2255 is inapplicable to a petitioner who was originally found not guilty by reason of insanity "[b]ecause [he] was acquitted, [therefore] he is not a prisoner in custody under sentence….").

\*\*\*

To the extent petitioner's grievance is with his civil hospitalization, petitioner is advised that now that his competence has been restored, a hearing will soon be held at which the court will determine whether he is now able to leave the hospital setting. He is further advised that he is represented in that proceeding by Randolph Marshall Lee, who appeared and advocated for petitioner at the latest hearing this past summer. In the last substantive Order from June 2015, this court held as follows:

> At the request of defendant's counsel, the Bureau of Prisons shall make periodic reports to the court and to counsel of record as required under 18 U.S.C. § 4241(d).
>
> To further protect defendant's interests, counsel for defendant's appointment is hereby extended and is made one of indefinite duration. Counsel is granted leave to submit interim vouchers for periodic payments of his fees and costs.

Order at 6-7 (#111 in 3:04cr58 and #89 in 3:04cr59). Mr. Lee is still petitioner's attorney and petitioner should be in regular contact with his attorney rather than this court. In case he has misplaced Mr. Lee's contact information, the court will again provide it, as follows:

> Randolph Marshall Lee
> P. O. Box 77005
> Charlotte, NC 28271
> 704-841-2222 / Email: randolphleelaw@gmail.com

## ORDER

**IT IS, THEREFORE, ORDERED** that after initial review, the court finds the petition to be frivolous and it is **DISMISSED**.

The Clerk of Court is further instructed to send a courtesy copy of this Order to Mr. Lee.

## Denial of Certificate

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 18, 2015

Max O. Cogburn Jr.
United States District Judge

# United States District Court
# Western District of North Carolina
# Charlotte Division

| | | |
|---|---|---|
| **Samuel Paul Crook,** | ) | JUDGMENT IN CASE |
| | ) | |
| Petitioner(s), | ) | 3:15-cv-00547-MOC |
| | ) | 3:04-cr-00058-MOC-DSC |
| vs. | ) | |
| | ) | |
| **USA,** | ) | |
| Respondent(s). | ) | |

 DECISION BY COURT. This action having come before the Court and a decision having been rendered;

IT IS ORDERED AND ADJUDGED that Judgment is hereby entered in accordance with the Court's November 18, 2015 Order.

                                               November 18, 2015

Frank G. Johns, Clerk
United States District Court